Mrs. Winston, Ms. Winstrom. Good morning, Your Honors.  After Mr. Winston prevailed on his excessive force claim against Officer O'Brien, the district court awarded him attorney's fees pursuant to Section 1988, and that decision is not at issue in this appeal. But later, the district court granted Mr. Winston's motion seeking to compel the city to bear liability for the fee award, and there was no legal basis for shifting the fee liability to the city, which was not even a party to the litigation. Could you help me with this, please? Do you agree that in accordance with the CBA, let me quote, in cases where fees are assessed against its officers, at least in part because of the plaintiff's success in obtaining compensatory damages, the city pays those fees? Doesn't that mean that in cases in which fees are related to compensatory damages, the city has chosen to exercise its discretion under Section 9102 to pay fees? It has chosen to exercise its discretion in some cases to pay fees, but that does not transform Section 9102, which clearly states, as we explained in our briefs, that it only confers that discretion. It does not require any indemnification for attorney's fees. So the city's undertaking to pay fees in some cases does in no way transform Section 9102, as the plaintiffs argue, into a mandatory. But if 9102 allows the city to pay fees in its discretion, and the CBA has determined that it will pay the fees when related to compensatory damages, isn't the only real issue here whether the fees here are related to compensatory damages? Not at all, Your Honor, because that issue goes to the interpretation of the CBA. But the CBA is an agreement between the officers union and the city. That is to be determined in arbitration pursuant to the grievance procedures prescribed by the CBA. It provides no authority for the district court to order the city to pay those fees. It's a matter that it hasn't gone through the arbitration. And if what you're wondering is whether the CBA's, whatever the CBA requires, imposes some kind of requirement on 9102 itself, it does not. 9102 states that municipalities are required to pay compensatory damages. They may pay awards of attorney's fees. You can read that all day long, backwards, forwards. You're not going to find a requirement in section 9102 that the city has to pay attorney's fees. But what arguments have you made here to refute the district court's determination that the fees are related to compensatory damages? Well, I'm happy to answer your question, but I'll preface it first by saying it's not relevant under whether the district court had authority to order us. That goes to the interpretation of the CBA. As for the arguments that would be made. Why do you say it's not relevant? What the CBA requires is a matter for it's committed to binding arbitration. It's not a basis for Mr. Winston. You know, I think we're in apples and orange time. I'm wondering what arguments you've made here that would refute the district court's determination that the fees are related to compensatory damages. I'm happy to answer that question. I'll just reiterate. It's a different question why that's not relevant. But as for the arguments under, I mean, the arguments that would be made in the context of what the CBA covers, here there was only a dollar in compensatory damages. You know, if the judge thinks it's relevant, it's a good idea not to tell that judge that it is not relevant. I must tell you. I'm sorry, Your Honor. I didn't mean to disrupt it. No, no, no, if you don't think it's relevant, you don't think it's relevant. That's fine. I mean, it's a point that we make in both our opening brief and our reply brief. And in plaintiffs, Mr. Winston doesn't rely on, doesn't say, you know, I'm seeking relief under the CBA. And he's not entitled to. His argument is that the collective bargaining agreement sort of graphs on a requirement under section 9102. And so I'm not sure if I'm getting that you're receptive to that argument. You know, you have 9102. It requires under state law what it requires. Payment for charges. Did the judge even mention the parenthetical about may pay any associated attorney's fees? No, she didn't. She, you know, we made that argument in response to the petition for indemnification. The judge ignored that. I think what the judge did was conflate the city's arguments about whether the fees were related to compensatory damages or punitive damages, which is a separate issue from whether section 9102 requires it. 9102 doesn't require it. The issue of whether the fees are related to compensatory or punitive damages really just goes to the collective bargaining agreement, which the district court didn't rely on. What if, following up on Judge Rodner's question, what if the reason for this curious statutory language in 9102 about may pay any associated, what if that was in contemplation that there might be a collective bargaining agreement in which the city or state agreed to pay attorney's fees when compensatory damages were awarded? It may well have been in contemplation of that. But by doing so, it doesn't mean that when a collective bargaining agreement has that requirement that it then transports that requirement onto section 9102 itself. The Illinois Supreme Court has held Well, what if instead of, I mean, I understand your point about arbitration is the only way of making a determination. But I thought what Judge Rodner was suggesting was that in interpreting this somewhat curious statutory language about the may pay, we can say, well, actually, they really were thinking that if the compensatory damages were awarded, that would, you know, sort of presumption may be in favor of awarding attorney's fees. Because that's what this collective bargaining agreement. Something lies behind the collective bargaining agreement. It may be the same thing that led to that parenthetical. But the parenthetical was, the statute was amended to add the parenthetical after the Illinois after this court certified the question, that the way it was written before that said that municipalities must pay compensatory damage awards. Illinois Supreme Court made clear that that does not include attorney's fees. The legislature then made clear that municipalities are at least permitted to do so. And the legislative record behind it makes clear that, very clear, that the legislators did not intend to make it mandatory, but merely permissive. So there may have been some question about whether it was permissible, particularly in light of another provision of the Tort Immunity Act that says municipalities may not pay punitive damages awards. There are some things that municipalities are prohibited from indemnifying. So the legislature, it seems, just wanted to make clear that it was OK to do that. And then, as I said, the collective bargaining agreement represents the city's agreement to pay in some categories, whether those categories encompass this case are a question for a different forum. If the city agrees to pay attorney's fees related to a punitive damage award, doesn't that encourage conduct that is subject to punitive damages? I mean, that is among the city's rationales for our position on the collective bargaining agreement. The same policy arguments behind barring indemnification for damages of themselves extend to fees. If I may, I'd like to reserve the rest of my time for rebuttal. OK, thank you very much, Ms. Harnsdorf. Mr. Salpeter? May it please the court. Alan Salpeter for a plaintiff appellee. Robert Winston, if I can pick up where we just left off. The statute, the May Pay Reasonable Attorney's Fees language, gives the municipality a choice. It's a state statute, so it applies to all municipalities. The city of Chicago has made a choice. It has decided in the collective bargaining agreement that with respect to police officers, it's going to pay the reasonable attorney's fees associated with compensatory damages. And our case here is even stronger because there was an individual grievance filed by Officer O'Brien. How can you enforce, how can Mr. Winston enforce the collective bargaining agreement? We're not trying to do that. We're here under the state statute. What we're saying is that the collective bargaining agreement helps interpret and apply the state statute. That's what we're doing. We're not a beneficiary. We're not a third party beneficiary. We're not making our indemnification claim under the collective bargaining agreement. We're making it under the state statute. And the state statute says, as you know, May Pay. And the city has chosen to pay the police officers. And in fact, in the grievance filed by Officer O'Brien,  they said specifically in the resolution of that dispute, they said the city will pay for compensatory damages awarded to the plaintiff in this case, along with related attorney's fees in compliance with the statute. They're talking about arbitration. There's nothing to arbitrate. The city's already decided. They also say in their brief, and Judge Rovner pointed to one provision in their brief, they say it three times, that under the collective bargaining agreement, they'll pay attorney's fees that are associated with compensatory damages. So that then brings us to the point of, are these fees associated with compensatory damages? And Judge Bucklow said, there is no clear divide between the work that we did at trial to get the compensatory damage and the work we did to get the punitive damages. There's no clear divide. It was a one and a half day trial. We put on three witnesses. We had five or six documents. We made the same openings and closing arguments that we would have made whether we were shooting for punitive damages or compensatory damages. And she was there for the day and a half of the evidence. So the city keeps saying in their brief that these attorney's fees stem entirely from the punitive damages. They don't. They don't. They haven't cited any legal authority to support that. And it flies right in the face of what Judge Bucklow said. The other thing I would ask this court to consider is some of the policies that are important here. If the city's right and we're not allowed to get indemnification here, what does that do ultimately to 1983 cases where there's a fee award under 1988? It seems to me that it kind of eviscerates and undercuts the whole purpose of that prevailing party provision. Or we're faced with the possibility of chasing the police officer and slapping garnishments and liens and putting them into personal bankruptcy. That makes no sense. We've had to garnish his wages with respect to the $7,500 of punitive damages. And it's going to take four years. By my math, it'll take four years for him to pay off the punitive damages. That seems to be a pretty good purpose of punitive damages. I agree. The bad actor suffers that personal consequence. I totally agree. But with respect to the attorney's fees, which are really compensatory in nature, they're not really punitive. They're not like punitive damages. The attorney's fees compensate the lawyers for the work we did. And if we have to get the legal fees from Mr. O'Brien, Officer O'Brien, it'll take us 156 years because he's paying us $159 a month. That makes no sense at all. And finally, the other policy I would ask the court to consider is the city decided to litigate tenaciously here from start to finish. We were appointed by the court in May of 2012. So we're now into this about 2 and 1⁄2 years. The city decided, take the gloves off, litigate tenaciously, file motions. Even in our second fee petition, they were re-arguing that we didn't really win the case. And Judge Bucklow said in her second opinion on the supplemental fees that you've already argued that. So they took the gloves off. They argued tenaciously. And now they're complaining that they don't want to pay. If there are no further questions, I will sit down before the red light goes on. Thank you very much, Mr. Saltzman. So Mr. Hartmister, do you have anything further? Very brief. I really have one main response to everything Mr. Saltzman just said. That goes back to the plain language of 9-1-0-2. All the discussions of the collective bargaining agreement, policy reasons, based on those, you're never going to get from the May language in section 9-1-0-2 to must. There's no authority for the notion that a voluntary undertaking of a collective bargaining agreement transposes its requirements under a statute. Certainly, 9-1-0-2 doesn't say municipalities may make these payments unless they do so under a CBA, and then they must. And certainly, that would create some kind of a one-way ratchet where they couldn't stop. And I will just refer back to an argument that we make in our briefs. The policy arguments, the concerns about whether Officer O'Brien is able to pay for this, in any litigation, and in section 1983 litigation, the possibility of a judgment-proof defendant is always there. There's nothing unique about it. And without a legal basis for shifting liability, those policy arguments can't be a basis to do so, particularly where there's no responding at superior liability. We would ask that the district court's judgment be reversed. OK, thank you very much, Ms. Hornstrand and Mr. Stavridis.